# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-30345

CONSOLIDATED WITH

Nos. 25-30418, 25-30659

———————

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2026

Lyle W. Cayce
Clerk

SIXELA INVESTMENT GROUP,

*Plaintiff—Appellant*,

*versus*

HOPE FEDERAL CREDIT UNION; COMMUNITIES UNLIMITED, INCORPORATED,

*Defendants—Appellees*.

———————————————

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 6:23-CV-277

———————————————

Before WIENER, HAYNES, and GRAVES, *Circuit Judges*.

PER CURIAM:[*]

This dispute arises out of Sixela Investment Group's ("Sixela") attempt to obtain a commercial loan from Hope Federal Credit Union ("Hope"). On appeal, Sixela challenges several of the district court's decisions as abuses of discretion. Finding no error below, we AFFIRM.

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-30345
c/w Nos. 25-30418, 25-30659

## I.    Background

Sixela filed suit against Hope and Communities Unlimited, Inc. ("CU"), a consulting company that Sixela used in the course of applying for a loan from Hope, on March 1, 2023. Sixela brought claims against Hope for violations of the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.*, and the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*,[1] for allegedly engaging in racial discrimination in denying Sixela's loan request, and it brought a claim against CU for breach of contract. CU filed a counterclaim against Sixela for fraud.

The district court entered a scheduling order on April 30, 2024, setting a discovery deadline of October 15, 2024. This deadline was extended first to December 6, 2024, and then to February 18, 2025.

Between March 14 and 17, 2025, after the discovery deadline had elapsed, CU filed two motions for summary judgment and three motions for partial summary judgment. On March 18, 2025, Hope moved for summary judgment. On May 29, 2025, the district court entered memorandum rulings and orders granting CU's three motions for partial summary judgment and one of its motions for summary judgment,[2] and granting Hope's motion for summary judgment. Sixela appealed.

Between June 9 and 16, 2025, Sixela's attorney, Carolyn Deal, filed three motions to withdraw as Sixela's attorney. The district court denied each. Notably, at that point there were case-related deadlines on June 11, June 18, and July 14, and trial was set for July 14, 2025, for what remained. The record shows that Sixela was not responding to or cooperating with Deal's attempts to withdraw. On July 2, 2025, by which point the trial had been

---

[1] The district court dismissed Sixela's Fair Housing Act claim in December 2023.

[2] The district court denied the second motion for summary judgment as moot.

No. 25-30345
c/w Nos. 25-30418, 25-30659

stayed, Deal filed a fourth motion to withdraw—this time with a termination letter and signed withdrawal of counsel form from Sixela. The district court granted this motion.

On July 11, 2025, on CU's motion, the district court struck several of Sixela's untimely filed pretrial filings and rendered a default judgment in favor of CU on the issue of liability on its counterclaim against Sixela as sanctions for Sixela's clear record of delay or contumacious conduct. Sixela timely appealed.

On October 10, 2025, the district court granted in part and denied in part CU's motions requesting attorneys' fees, and Sixela timely appealed. All three appeals are now together.

## II.    Jurisdiction & Standard of Review

The district court had jurisdiction over Sixela's federal-law claims against Hope under 28 U.S.C. § 1331, and it exercised jurisdiction over Sixela's state-law breach-of-contract claim under 28 U.S.C. § 1332 (and could have done so under supplemental jurisdiction). We have jurisdiction under 28 U.S.C. § 1291 because this is an appeal from a final judgment.

Sixela presents its argument that the district court abused its discretion in ruling on the motions for summary judgment instead of allowing additional time to conduct discovery in the context of the denial of a Federal Rule of Civil Procedure 56(d) motion. "We review a district court's denial of a Rule 56(d) motion for abuse of discretion. The district court has broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Dominick v. Mayorkas*, 52 F.4th 992, 995 (5th Cir. 2022) (citation modified).

As to the denial of Sixela's attorney's motions to withdraw, "[t]he withdrawal of an attorney in a given case is a matter entrusted to the sound

3

discretion of the court and will be overturned on appeal only for an abuse of that discretion." *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (citation modified). Finally, "[w]e review an award of attorney's fees for abuse of discretion; findings of fact supporting the award are reviewed for clear error." *Bear Ranch, L.L.C. v. Heartbrand Beef, Inc.*, 885 F.3d 794, 803 (5th Cir. 2018).

## III.    Discussion

### A. Summary Judgment

Sixela avers that the district court abused its discretion in ruling on the motions for summary judgment without allowing it more time to oppose the motions or to conduct discovery. In addition to the other points we make, this case had already been in play for two years, so additional time is much less needed. Sixela does not argue that there was any evidence in the record to create a genuine issue of material fact concerning any of its claims against Hope or CU. We hold that the district court did not abuse its discretion in ruling on the motions.

> Under Federal Rule of Civil Procedure 56(d),
>
> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). A Rule 56(d) movant "first must show (A) that additional discovery will create a genuine issue of material fact. Then she must show (B) that she diligently pursued discovery." *Bailey v. KS Mgmt. Servs., L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022) (per curiam) (citation modified). The party must also "set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame,

No. 25-30345
c/w Nos. 25-30418, 25-30659

probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion," and it "may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts." *Id.* (citation modified).

Sixela never moved under Rule 56(d), nor did it provide an affidavit or declaration stating that it could not "present facts essential to justify its opposition" to any of the motions for summary judgment. Fed. R. Civ. P. 56(d). Previously, Sixela moved three times to extend its time to respond to Hope's and CU's pending motions for partial summary judgment and for summary judgment, and the district court granted each of these motions. Its work on discovery was simply not in play. It asserted its discovery issues only in its oppositions to summary judgment that CU and Hope were not producing the requested discovery. Sixela did not identify what evidence produced by discovery would create a genuine issue of material fact or show that it had diligently pursued discovery. Its arguments essentially boil down to the assertion that it was too busy responding to the other parties' discovery requests and motions to conduct its own discovery. Therefore, the district court did not abuse its discretion by ruling on the motions for partial summary judgment and for summary judgment without further delay. There was no showing it was a wrong decision.

## B. Sanctions

Sixela contends that the district court abused its discretion by striking its untimely pretrial filings and entering a default judgment for CU on its counterclaim because the delay was caused by its attorney rather than by Sixela. It also contends that the district court abused its discretion when it denied Sixela's attorney's first three motions to withdraw, which Sixela maintains contributed to its failure to meet the court-ordered deadlines that served as the basis for sanctions.

No. 25-30345
c/w Nos. 25-30418, 25-30659

First, as to the denial of Deal's first three motions to withdraw, the district court did not abuse its discretion.

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Matter of Wynn*, 889 F.2d at 646. "The withdrawal of an attorney in a given case is a matter entrusted to the sound discretion of the court and will be overturned on appeal only for an abuse of that discretion." *Id.* (citation modified). In the case of an attorney voluntarily withdrawing from a case, "it is incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel, and that the withdrawal of counsel is for good cause." *Broughten v. Voss*, 634 F.2d 880, 882–83 (5th Cir. Jan. 1981).

The district court denied Deal's first motion, which she filed on June 9, 2025, because she failed to abide by the local rules of the court. The Western District of Louisiana's Local Rule 83.2.11 requires that a motion to withdraw either provides for substitution of counsel, includes the client's signature approving the withdrawal, or includes "a signed certificate stating specifically why, after due diligence, the attorney was unable to obtain the client's signature." W.D. La. LR 83.2.11. Deal's first motion did not provide for substitution of counsel, and it included neither the client's signature approving the requested withdrawal nor a signed certificate stating specifically why Deal was unable to obtain the client's signature. Therefore, it failed to comply with the local rules, and the district court did not abuse its discretion in denying the motion on that basis.

As for the second and third motions to withdraw, filed on June 12, 2025, and June 16, 2025, respectively, the district court did not abuse its discretion in denying these motions on the basis that there was not "sufficient reasons or cause for withdrawal." In the second motion, Deal

6

asserted that continuing to represent Sixela would result in the violation of several rules of professional conduct, that her "physical or mental condition materially impair[ed] [her] ability to represent the client," and that there had been a breakdown in communication between herself and Sixela. The third motion listed these same reasons and additional rules of professional conduct to support her withdrawal. The third motion also noted that Sixela had not responded to Deal's request for funding to prepare the necessary materials for pretrial deadlines and that, per her contract with Sixela, that entitled her to withdraw. Deal also noted that Sixela refused to pay the full invoice requested by the consultant she obtained to assist in trial preparations, resulting in the consultant's cessation of assistance and the pretrial filings being submitted past the deadlines. Notably, trial was set for July 14, 2025, there were pretrial filings due June 11 and June 18, and there was a pre-trial conference scheduled for June 18.

Although Deal arguably had good reasons to seek withdrawal, the district court did not abuse its discretion in concluding that any such reasons did not outweigh the prejudice that permitting such withdrawal would cause the parties in the case given the imminent and past deadlines. Sixela is not an individual and therefore may not appear pro se, *see Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (per curiam), and Sixela was not agreeing to her withdrawal. Permitting its counsel to withdraw at such a late stage would necessarily delay proceedings (and require Sixela to find another attorney, which it ultimately did) and prejudice the parties, who refused to cooperate with Deal's second and third attempts to withdraw. The second and third motions to withdraw were filed only days before the pretrial conference was scheduled to take place and less than five weeks before trial. Therefore, declining to allow Deal to withdraw as Sixela's attorney at that juncture was not an abuse of the district court's discretion.

No. 25-30345
c/w Nos. 25-30418, 25-30659

The district court also did not abuse its discretion in striking Sixela's untimely pretrial filings and granting a default judgment for CU on the issue of liability for its counterclaim. Sixela argues on appeal that the district court imposed the harsh sanction of a default judgment when the purported misdeeds, namely the failure to comply with the scheduling-order deadlines, were the fault of Sixela's attorney rather than Sixela, the party sanctioned.

A court may, on motion or on its own,

> issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) authorizes, among other sanctions, "striking pleadings in whole or in part," "dismissing the action or proceeding in whole or in part," and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(iii), (v)–(vi). As we have recognized, the sanctions of dismissal or rendering of a default judgment are "generally permitted . . . only in the face of a clear record of delay or contumacious conduct by the party." *S.E.C. v. First Hou. Cap. Res. Fund, Inc.*, 979 F.2d 380, 382 (5th Cir. 1992) (citation modified).

Per an e-mail filed by Sixela in connection with its improper pro se motion for a mistrial, Sixela's attorney noted that she did not "see any defense to th[e] claim of not meeting court dates for the Pre-Trial Orders, withholding the discovery emails which [Sixela] did withhold, or not cooperating with the courts or [Sixela's] attorney, which [Sixela] did by not responding to emails, calling or texting," before concluding that Sixela was "not communicating once again." Another e-mail from Deal to Sixela's members noted that she would be filing "another Motion to withdraw with

8

No. 25-30345
c/w Nos. 25-30418, 25-30659

the reason for the late filing [of the pretrial filings] ([she] aske[d] for assistance and did not receive)" and that someone would "need to be present to defend any objections because [she could not] due to not being provided with any evidence to substantiate any of the proposed or alleged fraud activities." CU's brief also cites a screenshot filed with Sixela's pro se motion showing its attorney's attempts to message Sixela's members on June 10 asking, "Why aren't you all answering? The court is waiting on responses at this point in time." The record supports the district court's conclusion that, "[f]rom the evidence presented, [Sixela] appears to be more responsible for the delays than its lead counsel," and that "members of [Sixela] were uncooperative, did not consistently communicate with counsel, and failed to put forth accurate or truthful information."[3] Therefore, the district court did not abuse its discretion in striking the untimely filings and granting a default judgment on the issue of liability for CU because of Sixela's "clear history of delay and contumacious conduct."[4]

**C. Fees**

Sixela avers that the attorneys' fees awarded to CU by the district court should be set aside because the award was based on the district court's

---

[3] Such a sanction may still be appropriate even when the attorney is responsible for the delay. *See Callip v. Harris Cnty. Child Welfare Dep't*, 757 F.2d 1513, 1522 (5th Cir. 1985) (per curiam).

[4] "[A] district court cannot impose the extreme sanction of dismissal unless the court first finds that a lesser sanction would not have served the interests of justice." *First Hou.*, 979 F.2d at 382 (citation modified). The district court determined that "[a] lesser sanction would not serve the interest of justice in this case because [Sixela] has a clear history of delay and contumacious conduct." **ROA.7248 (citation modified).** No additional discussion on lesser sanctions was necessary because, "by concluding that a 'less drastic sanction' wasn't appropriate, the [district] court did nod to the possible imposition of other sanctions." *Calsep A/S v. Dabral*, 84 F.4th 304, 315 (5th Cir. 2023). And "[c]ourts have not required deep consideration of alternatives when it's plain that a lesser sanction wouldn't have done the trick." *Id.* at 316.

No. 25-30345
c/w Nos. 25-30418, 25-30659

abuse of discretion in granting the summary judgment motions, denying Sixela's counsel's first three motions to withdraw, and sanctioning Sixela by striking its pretrial filings and entering a default judgment for CU on the issue of liability with respect to its counterclaim. Sixela suggests no other basis for its objection to the award of fees.

As is discussed above, the district court did not err with respect to any of the challenged decisions. There is therefore no basis for setting aside the award of attorneys' fees.

## IV.   Conclusion

The district court did not abuse its discretion in granting CU's and Hope's motions for summary judgment without sua sponte granting Sixela more time to conduct discovery or oppose the motions. Nor did it abuse its discretion in denying Sixela's attorney's first three motions to withdraw or in sanctioning Sixela by striking its untimely pretrial filings and entering a default judgment against it on the issue of liability on CU's counterclaim. It therefore did not abuse its discretion in awarding attorneys' fees for CU following the foregoing decisions. Accordingly, we AFFIRM.